OPINION
Appellant Community Insurance is appealing the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Shawn Chambers. The facts giving rise to this appeal are as follows.
On April 1, 1995, a vehicle driven by David Puryear was hit from the rear by a vehicle driven by Appellee Shawn Chambers. At the time of the accident, Appellant Community Insurance insured David Puryear. Mr. Puryear filed a negligence action against Appellee Chambers in the Canton Municipal Court. Following a jury trial that commenced on July 23, 1997, the jury returned a verdict in favor of Mr. Puryear in the amount of $1,000.
On April 7, 1997, Appellant Community Insurance filed this subrogation action, in the Stark County Court of Common Pleas, seeking damages for medical expenses in the amount of $1,011.24. On September 2, 1997, Appellee Chambers filed a motion for summary judgment based on the theory of res judicata. The trial court conducted a hearing, on Appellant Chamber's motion for summary judgment, on September 18, 1997. At the hearing, the trial court gave Appellee Chambers leave to file a supplemental motion for summary judgment. Appellee Chambers did so, on this date, and raised a statute of limitations defense. Appellee Chambers served Appellant Community Insurance with a copy of the supplemental motion for summary judgment on the same day.
The trial court scheduled this matter for trial on September 22, 1997. However, prior to the commencement of trial, the trial court granted summary judgment, on behalf of Appellee Chambers, on September 23, 1997. Appellant timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN THAT IT DID NOT COMPLY WITH CIVIL RULE 56(C).
 II. THE TRIAL COURT ERRED IN THAT IT FAILED TO COMPLY WITH THE PROVISIONS OF RULE 10 OF THE LOCAL RULES OF THE STARK COUNTY COURT OF COMMON PLEAS.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I, II
We will address both assignments of error simultaneously as both concern whether the trial court violated the time requirements contained in Civ.R. 56(C) and Loc.R. 10 when it granted summary judgment on behalf of Appellee Chambers. Upon review of the record, we find the trial court failed to follow the time requirement of Civ.R. 56.
Loc.R. 10.01, of the Stark County Court of Common Pleas provides, in pertinent part:
 * * * This rule is not applicable to motions for summary judgment taken pursuant to Civil Rule 56. Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C).
In referring to Civ.R. 56, the pertinent provision at issue is the language contained in Section (C) which provides, pertinent part:
 (C) Motions and Proceedings Thereon. The motion shall be served at least fourteen days before the time fixed for hearing. * * *
Appellee's supplemental motion for summary judgment was filed only four days prior to the time this matter was scheduled to go to trial. Civ.R. 56(C) requires a motion for summary judgment to be served at least fourteen days before the time fixed for hearing. Although appellee did file a motion for summary judgment on September 2, 1997, which was more than fourteen days before the time fixed for hearing, its supplemental motion for summary judgment, which raised for the first time the defense of statute of limitations, was clearly not in compliance with the time requirement contained in Civ.R. 56(C).
Appellant's first and second assignments of error are sustained.
For the foregoing reasons, this matter is reversed and remanded to the Court of Common Pleas, Stark County, Ohio, for further proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.